UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KENYA BROWN,
      Plaintiff

   v.                                   NO. 3:13 CV 902(JBA)

LEO C. ARNONE,
      Defendant

**<u>RULING ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF</u>**

Plaintiff, Kenya Brown, currently incarcerated at Corrigan-Radgowski ["Corrigan"], has paid the filing fee to commence this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names Commissioner Leo C. Arnone as the only defendant. (Dkts. ##1, 6). Pending before the Court is plaintiff's motion for injunctive relief, filed September 23, 2013 (Dkt. #5), which has been referred to this Magistrate Judge by U.S. District Judge Janet Bond Arterton on November 4, 2013. (Dkt. #7).

Plaintiff claims that in August 2013, prison officials at MacDougall Correctional Institution ["MacDougall"] transferred him to Corrigan in retaliation for filing this lawsuit as well as a lawsuit about inadequate medical care, <u>Brown v. UCONN Managed Health Care, et al.</u>, No. 3:13 CV 931(JBA), and a lawsuit about inadequate dental care, <u>Brown v. Tuttle</u>, No. 3:13 CV 1444(JBA). He seeks to be transferred to Garner or MacDougall Correctional Institutions.

This case involves a challenge to the Department of Correction's revised policy on the receipt of sexually explicit materials by inmates. The only defendant is former Commissioner

Leo Arnone.

Plaintiff's motion includes allegations pertaining to an incident that occurred during the administration of dental treatment by Dr. Tuttle in July 2013; plaintiff alleges that his transfer to Corrigan in August 2013 was due to the lawsuit against Dr. Tuttle. (Dkt. #5, Brief at 2-5,13-15). The defendant in this action, Leo Arnone retired in early April 2013,[1] prior to the filing of this lawsuit, and is not a defendant in the case filed against Dr. Tuttle or in the case filed against the University of Connecticut Managed Health Care. Defendant Arnone could not have been responsible for transferring plaintiff to Corrigan on August 25, 2013 because he was not employed as a Department of Correction official at that time.

To the extent that the plaintiff seeks injunctive relief from other Department of Correction officials who may have been involved in the decision to transfer him to Corrigan, the Court cannot enjoin their actions. A court must have in personam jurisdiction over a person before it can validly enter an injunction against him or her. See In re Rationis Enterprises, Inc. of Panama, 261 F.3d 264, 270 (2d Cir. 2001)("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.")(citation omitted); 11A Charles A. Wright,

---

[1] See Malloy: Connecticut Correction Department Commissioner Leo Arnone to retire, NEW HAVEN REGISTER (Feb. 4, 2013). Plaintiff acknowledges that Commissioner Arnone was retired by the time plaintiff commenced his lawsuit. (See Dkt. #5, Brief, at 1).

Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 2956, at 335 (2d ed. 2001)("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); FED. R. CIV. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction ... is binding only upon the parties to the action ...").

Furthermore, the relief sought by plaintiff pertains to inadequate mental health and dental treatment, access to courts at Corrigan, and a transfer to another prison facility. As indicated above, this lawsuit involves a challenge to a prison directive relating to sexually explicit written and pictorial materials. Because plaintiff's allegations and requests for relief are unrelated to the claims in the Amended Complaint filed in this action (Dkt. #6), the request for injunctive relief as to those claims is inappropriate. See De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945)(preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.")

For all of the reasons set forth above, plaintiff's Motion for Injunctive Relief [**Dkt. #5**] is **DENIED**.

SO ORDERED at New Haven, Connecticut this 7th day of January, 2014.

                                             /s/ Joan G. Margolis, USMJ
                                           JOAN G. MARGOLIS
                                           UNITED STATES MAGISTRATE JUDGE