UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KENYA BROWN,
    Plaintiff,

v.                                             CASE NO. 3:13 CV 902(JBA)

LEO ARNONE,
    Defendant.

**RULING ON PENDING MOTIONS**

Pending before the Court are plaintiff's motions to compel. For the reasons set forth below, the motions are denied.

**I.**     **First Motion to Compel (Dkt.#34)**

Plaintiff asserts that on an unidentified date he sent a request for production of documents to defendant, and that he sent a follow-up request to counsel on June 18, 2014, seeking all versions of Department of Correction Administrative Directives 10.7 in effect from 1993 to 2009, Connecticut Regulations 18-81-28 through 18-81-54, Chapter 54 of the Uniform Administrative Procedure Act, and certified copies of Department of Correction Administrative Directives 10.7 in effect from 1993 to 2009. (Dkt. #34, at 1-2).

A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a) of the Local Civil Rules of the United States District Court for the District of Connecticut. Under this rule, a motion to compel must include an affidavit certifying that the party has made an attempt to confer with opposing counsel in a good faith effort to resolve the

discovery dispute without the intervention of the Court.

Plaintiff did not file an affidavit indicating that he attempted to communicate with defense counsel in a good faith effort to resolve the discovery dispute without the Court's assistance. Defense counsel represents that the June 18, 2014 follow-up request for documents was not sent to him until August 1, 2014, when plaintiff mailed the motion to compel. (Dkt. #37, at 1). Thus, plaintiff has not satisfied Local Rule 37(a).

Local Rule 37(b)1 requires that any discovery motion filed with the court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed. Rule 37(b)1 provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(b)1.

Plaintiff has failed to file a memorandum in support of his motion to compel and has not set forth the reasons why each of the requested items of discovery should be allowed. Instead, he simply says that he strongly believes that "the requested materials are directly involved and highly related to the case." (Dkt. #34, at 2). Nor did plaintiff attach a copy of the first request for

2

production of documents to his motion.  Thus, plaintiff did not comply with the provisions of Local Rule 37(a) or (b)1. Accordingly, plaintiff's first Motion to Compel (Dkt. #34) is denied without prejudice.

## II.   Second Motion to Compel (Dkt. #35)

Plaintiff contends that defendant responded to his May 10, 2014 request for production of documents on July 25, 2014, some seventy-five days later. (Dkt. #35, at 1). He seeks to compel defendant to respond to the requests that they objected to in their July 25, 2014 response. (Id. at 2-3).

Similar to the discussion in Section I. supra, plaintiff did not file an affidavit indicating that he attempted to communicate with defense counsel in a good faith effort to resolve the discovery dispute without the Court's assistance.  In addition, plaintiff has not filed a memorandum in support of his motion.  For these reasons, the second Motion to Compel (Dkt. #35) is denied without prejudice.

## III.  Third Motion to Compel (Dkt. #39)

Plaintiff sets forth a list of documents that he allegedly requested that defense counsel produce, but he does not indicate when he submitted the requests.  (Dkt. #39, at 1-2).  He simply argues that defendant has continuously failed to provide him with valid information that would assist him in litigating this case and filing summary judgment.  (Id. at 2-3).

3

As in Sections I and II supra, plaintiff did not file an affidavit indicating that he attempted to communicate with defense counsel in a good faith effort to resolve the discovery dispute without the Court's assistance. In addition, plaintiff has not filed a memorandum in support of his motion. For these reasons, the third Motion to Compel (Dkt. #39) is denied without prejudice.

## Conclusion

Plaintiff's First, Second and Third Motions to Compel **(Dkts. ##34, 35, 39],** are **DENIED** without prejudice.

SO ORDERED at New Haven, Connecticut this 7th day of January, 2015.

　　　　　　　　　　　　　　　　 /s/ Joan G. Margolis, USMJ
　　　　　　　　　　　　　　　　JOAN G. MARGOLIS
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE